**Richard M. SHEEHY, Plaintiff— Appellant,**

**v.**

**Joan PALMATEER; et al. in their personal and professional capacities, Defendants—Appellees.**

**No. 02–36082.**

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 18, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**78**

Before: RYMER, THOMAS and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Oregon state prisoner Richard M. Sheehy appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging defendants violated his constitutional rights by subjecting him to urinalysis drug tests even though he suffers from paruresis ("shy bladder syndrome"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *see Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

■ The district court correctly granted summary judgment on Sheehy's Fourth Amendment claim alleging illegal search and seizure. Defendants were entitled to

qualified immunity because Sheehy did not demonstrate that the drug testing was meant to harass or that the testing was unreasonable. *See Thompson v. Souza,* 111 F.3d 694, 702 (9th Cir.1997).

The district court properly granted summary judgment on Sheehy's claim that he was denied access to court because he failed to demonstrate that his prison transfer hindered his ability to effectively prosecute his case. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Further, the record confirms that Sheehy's amended complaint did not allege a First Amendment claim based on retaliatory prison transfer. Therefore, the district court did not err by declining to consider this claim. *See 389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999) (holding that district court need not consider issues raised only in opposition to summary judgment).

■ The district court also properly granted summary judgment to defendants on Sheehy's Eighth Amendment claims. Sheehy did not establish that the defendants were deliberately indifferent to his serious medical needs. The record demonstrates that, at most, defendant Vargo was negligent and disagreed with Sheehy about his medical condition. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996) (concluding that difference of opinion between inmate and physician regarding treatment does not amount to deliberate indifference). Moreover, it was not objectively unreasonable for defendants to subject Sheehy to disciplinary sanctions after he failed, without a valid medical excuse, to provide a urine sample as required by prison regulations. *See Jackson v. City of Bremerton,* 268 F.3d 646, 652 (9th Cir. 2001) (holding that officer was entitled to

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

qualified immunity where his conduct was not objectively unreasonable under the circumstances). Further, Sheehy did not demonstrate that the conditions of confinement in the desegregation unit ("DSU") constituted cruel and unusual punishment under the Eighth Amendment. *See May v. Baldwin,* 109 F.3d 557, 565 (9th Cir. 1997).

We affirm summary judgment on Sheehy's Fourteenth Amendment claims because the record shows that Sheehy received all the process due for each of his disciplinary infractions, defendants' disciplinary decisions were based on "some evidence," and Sheehy's confinement in DSU did not impose an atypical or significant hardship. *See Wolff v. McDonnell,* 418 U.S. 539, 563–70, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

Finally, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Sheehy's state law claims after dismissing his federal claims. *See* 28 U.S.C. § 1367(c)(3); *Binder v. Gillespie,* 184 F.3d 1059, 1066 (9th Cir.1999). However, we construe the dismissal of the state law claims to be without prejudice. *See Gini v. Las Vegas Metropolitan Police Dep't,* 40 F.3d 1041, 1046 (9th Cir.1994).

**AFFIRMED.**