**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID HARRIS, | No. 06-56546 |
| Plaintiff - Appellant, | D.C. No. CV-06-00980-DMS/AJB |
| v. | |
| CITY OF VISTA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted October 19, 2010[**]

Before:    O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

David Harris, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs during his incarceration at the Vista

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Detention Facility in 2001 and 2002. We have jurisdiction under 28 U.S C. § 1291. We review de novo a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and under 28 U.S.C. § 1915(e), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

Even assuming that Harris's action is not time-barred, the district court properly dismissed it because his claim — that he should have received more aggressive treatment than what defendants administered — states a difference of medical opinion that does not give rise to an Eighth Amendment violation. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010) (Eighth Amendment standard for medical needs cases also applies in detention context under the Fourteenth Amendment).

We assume that the district court declined to exercise supplemental jurisdiction over Harris's claim of medical malpractice under California law, and we therefore construe the dismissal of this claim to have been without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When . . . the court dismisses the federal claim leaving only state claims for

2                                                                                  06-56546

resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice.") (citation and internal quotation marks omitted).

**AFFIRMED.**