**V. Elizabeth GINI, Plaintiff–Appellant,**

v.

**LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., Defendants–Appellees.**

No. 93–15713.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1994.

Decided Nov. 23, 1994.

Randall J. Roske and Daniel Markoff, Las Vegas, NV, for plaintiff-appellant.

Melissa Collins, Rawlings, Olson & Cannon, Las Vegas, NV, for defendants-appellees.

Before: SCHROEDER, FERGUSON, and RYMER, Circuit Judges.

RYMER, Circuit Judge:

Until she was terminated for involving two judicial officers in a private dispute with the Las Vegas Metropolitan Police Department, Elizabeth Gini was a Courtroom Deputy Clerk for the United States District Court for the District of Nevada. She had filed theft charges against the girlfriend of an LVMPD officer, and when the police failed to pursue the charges as she wished, filed an

Internal Affairs complaint alleging a cover-up of the theft. Meanwhile, Gini had discussed the matter with a Magistrate Judge and the Chief Judge, which came up during an Internal Affairs interview. Her complaint alleges that an LVMPD officer went to her employer, made defamatory statements about the impropriety of what she had told them, and caused her to be terminated in retaliation for her filing the theft charges and the Internal Affairs complaint. She claims this violated a number of federal constitutional rights,[1] 42 U.S.C. §§ 1983–86, and she also seeks damages for defamation, invasion of privacy, infliction of emotional distress, and tortious interference with prospective business advantage. The district court[2] dismissed Gini's civil rights claims for failure to state a claim under Fed.R.Civ.P. 12(b)(6), and the pendent claims pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Gini appeals both rulings.

We hold that no § 1983 claim can be stated against the police officers who set the events in motion that culminated in Gini's termination, in the absence of any allegation that they knew, or reasonably should have known, that she would be terminated without due process. As the amended complaint alleges no such knowledge, and Gini acknowledged at oral argument that she would stand on this pleading, we affirm dismissal of the federal claims. While dismissal of the pendent claims was within the court's discretion, we vacate the judgment so that it can be modified to make clear that dismissal of the state claims is without prejudice.

## I

Elizabeth Gini was a Courtroom Deputy Clerk in the United States District Court for the District of Nevada. The amended complaint, whose allegations we take as true, avers that she believed that the girlfriend of a Las Vegas Metropolitan Police Officer stole some of her clothes, so she filed a stolen property report with the LVMPD and asked that a search warrant be obtained. The police declined on the footing that the information was stale. Gini became disgruntled and filed an internal affairs complaint. In the meantime Gini advised Chief Judge Lloyd George of what she was doing, and he told her to "go for it." Gini also discussed her problem with Magistrate Judge Leavitt, who agreed that the information may be too stale to support a warrant; and later, again, with Chief Judge George, who told her that she had the same rights as anyone else.

During the internal affairs investigation, Gini was interviewed by Lt. Daniel Mahony. Mahony told her that "the people you work for are not going to like it if you pursue this issue or if it becomes public." Gini responded that she had briefed Chief Judge George and he had said she had every right to pursue her remedies.

As part of his investigation, Mahony interviewed both Magistrate Judge Leavitt and the Chief Judge. Mahony told Leavitt that Gini had given him the impression that she had spoken to both judges about her case, the judges were checking up on the LVMPD investigation, were concerned that the department was not investigating the matter, and were personally interested in its outcome. Leavitt believed Mahony had implied that an abuse of power had taken place, and George thought Mahony was assuring him that the investigation was being properly handled.

Mahony then gave a sworn statement to the Clerk of the United States District court indicating that Gini had told him she had met with Judges George and Leavitt, that both

1. The complaint identifies the rights she was denied as follows: to be free from intimidation under color of state law; to be free from retribution for petitioning the LVMPD; to continue in her employment without interference and not to be deprived of property rights without due process of law; to be free from infliction of emotional distress as a result of an internal police investigation; to be free from defamation affecting her liberty and property interests; to privacy; not to be oppressed by police officers; and to be free from threats to induce her to give up a course of action or to influence her actions as a public officer.

2. Hon. Mary Johnson Lowe, Senior United States District Judge for the Southern District of New York, sitting by designation, presided following the recusal of all judges for the District of Nevada.

judges saw no problem establishing probable cause and obtaining search warrants, and that there may be a federal issue here. Shortly thereafter, and without a hearing, Gini was given a Notice of Termination. It gave as reasons Gini's untrue statements to the LVMPD which led the Department to believe that Chief Judge George and Magistrate Judge Leavitt had involved themselves in her private dispute in a way that reflects adversely on the judicial officers; her misleading Judge Leavitt about whether Gini had mentioned his name in meetings with the LVMPD; attempting to use her position for personal gain; and violating Canon 2 of the Code of Conduct for Clerks of Court. There was no pre-termination hearing, but the Notice of Termination advised Gini of her right to appeal.

Gini filed suit in state court against the LVMPD, Mahony, Mahony's supervisor, and the Director of Financial Services who directed Mahony to contact the judges (collectively, "Mahony"). Mahony removed. The district court sua sponte indicated that the original complaint was deficient, and Gini filed the amended complaint which is the subject of this appeal.

## II

### A

Gini argues that her termination was directly caused by Mahony's retaliation for her exercise of First Amendment rights; that despite being an at will employee, she has property rights created by state law and thus has federal protection for deprivation of those rights; and that she also has a liberty interest in employment protected by the Due Process Clause when the reason for dismissal was stigmatizing. The difficulty with Gini's case, however, is that assuming all these things to be true, the alleged retaliation was undertaken by Mahony (a state actor) whereas her alleged constitutional injury—being terminated without due process—was inflicted by her federal employer.

"To make out a cause of action under section 1983, [Gini] must plead that (1) the defendants acting under color of state law (2) deprived [her] of rights secured by the Con-

stitution or federal statutes." *Thomas v. Carpenter*, 881 F.2d 828, 829 (9th Cir.1989), *cert. denied*, 494 U.S. 1028, 110 S.Ct. 1475, 108 L.Ed.2d 612 (1990). No matter whether her theory of constitutional injury is founded in the First Amendment right to petition for redress of grievances, property and liberty interests in continued employment, or privacy, Gini must show that *Mahony* deprived her of federally protected rights.

There is no question here that neither the LVMPD nor Mahony was Gini's employer. Neither terminated her. However, we have recognized that "[t]he requisite causal connection can be established not only by some kind of direct personal participation in the deprivation but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Merritt v. Mackey*, 827 F.2d 1368, 1371 (9th Cir.1987) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir.1978)).

The constitutional injury Gini claims is termination from her federal employment. Discharge assumes constitutional dimension when the employee has a property interest in continued employment, or a liberty interest in not being defamed, as a result of which she may not be terminated without due process. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). As Mahony did not and could not directly deprive Gini of due process, she must show that it was reasonably foreseeable to him that his statement to her federal employer would cause her to be terminated without a pre-termination, or name-clearing, hearing. Because her complaint makes no such allegation, it fails to state a claim.

We therefore conclude that because Mahony did not terminate Gini's employment without due process, and did not know and should not reasonably have known that her federal employer would terminate her employment without due process, Gini has failed to state a claim under § 1983.

### B

Gini contends that where a § 1983 claim rests on retaliation for the exercise of First

Amendment rights, no deprivation of property rights needs to be pled. We have so held, when the retaliation is by a state employer against a state employee who has spoken out against his employer, *Thomas*, 881 F.2d at 829, and when it is by a government agency against a permit holder who has criticized and sued the agency, *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1313–16 (9th Cir. 1989).

■ These, and similar, cases spring from the principle that the government may not deny a person a valuable privilege or benefit on a basis that infringes her constitutionally protected interests. *See Hyland v. Wonder*, 972 F.2d 1129 (9th Cir.1992) (discussing cases), *cert. denied,* —— U.S. ——, 113 S.Ct. 2337, 124 L.Ed.2d 248 (1993). Thus, the government could not change Thomas's job, or pull the plug on Soranno's Gasco's permit, for a constitutionally unacceptable reason. Unlike these cases, however, the LVMPD could not, and did not, make any decision or take any state action affecting Gini's rights, benefits, relationship or status with the state. Mahony did allegedly defame her, but as we recognized in *Patton v. County of Kings*, 857 F.2d 1379 (9th Cir. 1988), "the constricture of *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), that damage to reputation is not actionable under § 1983 unless it is accompanied by 'some more tangible interests,'" cannot be avoided by alleging that defamation by a public official occurred in retaliation for the exercise of a First Amendment right. *Patton*, 857 F.2d at 1381 (quoting *Paul*, 424 U.S. at 701, 96 S.Ct. at 1161). For any defamation and damage flowing from it, Gini has a tort remedy under state law, not under the First Amendment. Therefore, we affirm the district court's dismissal of Gini's First Amendment claim.

### C

Gini argues that she did not waive any privacy interests because she discussed her situation with the LVMPD and with the judicial officers. She claims that nothing in the record suggests that she knowingly authorized any LVMPD officer to talk to her employers about the theft investigation and that she told no one about her discussions with the judges until after Mahony threatened her.

■ The information she told the police is not protected by the constitutional right of privacy. By reporting a potential crime to the police, Gini could not reasonably expect the information to remain secret. *Scheetz v. The Morning Call, Inc.*, 946 F.2d 202, 206–07 (3rd Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1171, 117 L.Ed.2d 417 (1992). "The police could have brought charges without her concurrence, at which point all the information would have wound up on the public record, where it would have been non-confidential." *Id.* at 207.

### D

Gini argues that her third claim, that the LVMPD affirmatively threatened, hindered, and delayed the reporting of a crime, is a valid obstruction of justice claim. She contends that reporting a possible crime cannot be a discretionary act and that the LVMPD had an affirmative duty not to prevent her from reporting it.

■ Count three alleges that the police hindered the investigation of her theft complaint, not her reporting of the theft. The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty of property. *DeShaney v. Winnebago County*, 489 U.S. 189, 195–96, 109 S.Ct. 998, 1002–03, 103 L.Ed.2d 249 (1989).

■ Gini argues that the fourth claim (prevention of an officer of the court from performing her duties) is viable because she alleged that the LVMPD conspired to injure her good name. However, injury to reputation alone is not sufficient to state a claim for loss of liberty. *Paul*, 424 U.S. at 703, 96 S.Ct. at 1161; *Hyland*, 972 F.2d at 1142.

Gini's fifth claim alleges negligence in not preventing the conspiracy alleged in the first claim, so it fails for the same reasons as her primary claim.

## III

Gini contends that the pendent state law claims were improperly dismissed, even though all the federal claims were dismissed, because the court never held that these claims failed to state a cause of action. She argues that the court should have either retained the state claims or referred them back to state court.

■ We disagree. "[I]n the *usual* case in which federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state law claims." *Schneider v. TRW, Inc.,* 938 F.2d 986, 993 (9th Cir.1991) (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988)); *see also United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Gini does not argue that her case is in any way unusual.

Because the court's order simply enters judgment dismissing the amended complaint, however, it might be unclear whether those claims are dismissed with or without prejudice. "When ... the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Les Shockley Racing v. National Hod Rod Ass'n,* 884 F.2d 504, 509 (9th Cir.1989). Therefore, we vacate the judgment with instructions that it be modified to make clear that dismissal of the pendent claims is without prejudice.

AFFIRMED; JUDGMENT VACATED FOR MODIFICATION.