108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lois DURAN, Plaintiff-Appellant,
v.
CITY OF RENO; Richard Kirkland, Reno Police Chief; James
Weston, Reno Police Deputy Chief; Ron Donnelly;
Bill Dixon, Reno Police Officer,
Defendants-Appellees.
 No. 95-15919.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1996.
Submission Vacated Oct. 23, 1996.
Resubmitted Jan. 22, 1997.
Decided Feb. 11, 1997.
 
 Before: WALLACE, SNEED, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lois Duran appeals the district court's summary judgment in her action under 42 U.S.C. §§ 1981, 1983, 1985(3) against the City of Reno, Richard Kirkland, James Weston, Ron Donnelly, and Bill Dixon ("Kirkland"). We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 * Duran contends that the district court erred in relying on Radobenko v. Automated Equipment Corporation, 520 F.2d 540, 543-44 (9th Cir.1975), and refusing to consider the supplemental declarations of Adkins and Leslie, which were offered to show a causal link between Kirkland's statement and Duran's losing her job, on the ground that statements in the declarations contradicted each witness' prior deposition testimony. We ordered a limited remand for the court to undertake the analysis required by Kennedy v. Allied Mutual Insurance Company, 952 F.2d 262, 267 (9th Cir.1991). On remand, the court found that each declaration contradicted the affiant's prior deposition testimony, and that neither declaration showed that it was to correct a mistake or honest discrepancy, or was offered as newly discovered evidence. Because Duran indicated that the declarations were offered only as a substitute for the deposition transcripts, the district court concluded that the contradictions are shams. It therefore granted summary judgment, as there is no remaining evidence that Kirkland's statements caused Duran to lose her job.
 
 
 4
 In response to the district court's Kennedy order, Duran asserts that the analysis was deficient in that there was no hearing, or additional testimony, or examination of the witnesses' willingness or motivation to lie. She argues that the declaration and deposition testimony were not contradictory in that there were several reasons for Duran's not returning to the gang prevention program, and that to the extent there are discrepancies, they go to credibility. In any event, she maintains, there is testimony from other witnesses that supports her claims. Finally, she submits, her First Amendment and § 1981 claims are viable regardless of whether Kirkland caused the loss of her job.
 
 
 5
 We agree with the district court that Adkins's declaration flatly contradicts her deposition. In the former testimony she said that Duran never was going back into the gang program because the grant was expiring and it was not feasible; in her declaration she says that it was not advisable to return Duran to the gang program with the police unwilling to work with her. Neither the declaration itself, nor Duran, offers any explanation for the difference. Given the clear conflict, and the absence of any proffered reason that requires resolution in a hearing, we cannot fault the court for failing to hold one.
 
 
 6
 Leslie's statements are less clearly contradictory. In her deposition she said that the program was going to go over to GAP anyway, she knew Duran would never get hired by GAP, and that Kirkland's comments did not make her lose her job or influence her decisions about Duran's future in any way; in her supplemental declaration she said that "[t]he gang program was going to be turned over to another agency, but it was not advisable to return Lois to that environment even though she was eligible." However, even if Leslie's declaration is too ambiguous or broadly phrased to be "flatly" contradictory of her prior statement that Kirkland didn't influence her decision at all, it provides no basis for raising a genuine issue of material fact sufficient to overcome summary judgment. The declaration simply indicates that Duran was "eligible" for returning to the gang program, which no one disputes, and that it wasn't "advisable" to return her to that environment. For the two statements to be consistent, and not contradictory, the declaration has to mean that it wasn't advisable "because the program was going to go over to GAP anyway" and Duran would never work for GAP, as Leslie explained in her deposition.
 
 
 7
 Accordingly, the district court did not err in failing to consider the Adkins and Leslie supplemental declarations as raising a triable issue. We therefore see no reason to reverse on the only issue that Duran has submitted for review.[1]
 
 
 8
 In any event, summary judgment was not improvidently granted on the merits. Where the only substantial evidence shows that the decision to fire Duran was not based on what Kirkland said but, rather, on the fact that Duran's position was being phased out by the GAP takeover, Duran has suffered no constitutional injury for which Kirkland is responsible. Cf. Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1045 (9th Cir.1994) (concluding that no § 1983 claim lies against state actor who allegedly retaliated against plaintiff's exercise of First Amendment rights by defaming her to her federal employer, because such defamation did not cause a constitutional injury).
 
 II
 
 9
 To the extent that Duran contends that the district court erred in granting summary judgment on her claim that Kirkland interfered with her employment in violation of 42 U.S.C. §§ 1981 and 1985(3), we disagree. Section 1981 requires that Duran demonstrate intentional discrimination on account of race. Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir.1989). Likewise, § 1985(3) requires a showing of racial or class-based animus. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987). Duran offered no evidence that Kirkland even knew that she considered herself to be Hispanic, much less that he discriminated against her on that basis. The district court therefore properly granted summary judgment on these claims.
 
 III
 
 10
 Duran's argument that summary judgment should not have been granted in favor of the City of Reno fails because there is no evidence of any "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the City of Reno. Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 690 (1978).
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Duran's "Statement of Issues Presented For Review" identifies the issue as: "Whether the district court erred in granting summary judgment against plaintiff when, without stated reason or legal authority, the court held plaintiff's sworn declarations submitted in opposition to summary judgment 'inadmissible.' These sworn declarations were from witnesses with personal knowledge which created both material issues of triable fact and inferences from which a trier of fact could reasonably have found for plaintiff."