Nolan J. FULCHER, Plaintiff–Appellant,

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS; et al.,** Defendants–Appellees.

No. 05–15720.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.[*]

Filed Oct. 24, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**646**

Nolan J. Fulcher, San Diego, CA, pro se.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM **

Nolan J. Fulcher, a former California state prisoner, appeals pro se from the district court's judgment dismissing pursuant to 28 U.S.C. § 1915A his action claiming deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

■ The district court properly dismissed the deliberate indifference claim against the California Department of Corrections ("CDC") because the CDC is a state agency that is immune from liability under the Eleventh Amendment. *See Lucas v. Dep't of Corr.,* 66 F.3d 245, 247–48 (9th Cir.1995) (per curiam).

■ The district court properly dismissed the deliberate indifference claim against prison medical personnel because, assuming a serious medical need, Fulcher failed to allege facts to establish that these defendants knew of and disregarded a serious risk of harm to Fulcher. *See Toguchi v. Chung,* 391 F.3d 1051, 1058 (9th Cir. 2004) (explaining that prison officials must know of and disregard an excessive risk of harm for their conduct to constitute deliberate indifference); *see also Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

The district court properly dismissed the deliberate indifference claim against the remaining defendants because Fulcher failed to allege any facts concerning their personal involvement in his medical care. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989).

We assume that the district court declined to exercise supplemental jurisdiction over the state law claim, and therefore construe the dismissal of this claim to have been without prejudice. *See Gini v. Las Vegas Metro. Police Dep't,* 40 F.3d 1041, 1046 (9th Cir.1994).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.