MEMORANDUM *
Manu Dube appeals from the district court’s grant of defendants’ motion to dismiss under Fed.R.Civ.P. 12(b)(6). We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.
I
A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is reviewed de novo. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir.1986). We cannot uphold such dismissal “unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. All material allegations in the complaint are taken as true and construed in the light most favorable to the non-moving party.” Id. (citations omitted).
*891 To support a § 1983 claim based on damage to reputation, a plaintiff must show that the alleged reputational harm was accompanied by the additional deprivation of “some more tangible interest.” Paul v. Davis, 424 U.S. 693, 701-702, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Dube has failed to allege a tangible injury stemming from Contractor’s negative employment reference sufficient to turn his defamation claim into one implicating rights of a federal or statutory dimension. See Siegert v. Gilley, 500 U.S. 226, 234, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) (plaintiffs alleged serious impairment of future employment opportunities and failure to get job offer from potential employer arose directly from allegedly defamatory statements and thus were insufficient to give rise to a constitutional violation).
Dube’s allegations of defamatory retaliation for First Amendment activity are not sufficient to meet the requirements of Paul v. Davis, as we held in Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1044-45 (9th Cir.1994). Dube contends that Gini is immaterial due to more recent cases announcing a three-prong test for establishing a First Amendment claim in the student speech context. Dube further contends that he need not allege the deprivation of a federally protected right because “a First Amendment retaliation claim does not require being deprived of any valuable governmental benefit or privilege.” However, the cases upon which Dube relies for these arguments do not involve First Amendment claims based solely on reputation damage, and thus do not alter the holding of Gini as it applies to retaliatory defamation claims. See, e.g., Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir.2006); see also Coszalter v. City of Salem, 320 F.3d 968, 970-71 (9th Cir.2003).
Dube also contends, relying on the Supreme Court’s decision in Goss v. Lopez, that his claim meets the requirements of Paul v. Davis because Contractor deprived him of a liberty interest “in his good name.” Dube’s reliance on Goss v. Lopez is misplaced. See 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). More recent Supreme Court case law has refused to interpret Goss as holding that defamation, standing alone, deprives an individual of any “liberty” protected by the Due Process Clause. See Paul, 424 U.S. at 708-10, 96 S.Ct. 1155.
II
Because we affirm the district court’s decision that Dube failed to state a claim under § 1983, we need not, and do not, reach any other argument urged by the parties on appeal.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.