**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK WILLIAM STANLEY, | No. 08-55752 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01226-H-BLM |
| v. | |
| SUPERIOR COURT OF CALIFORNIA, South County Regional Center; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted July 12, 2011**

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Mark William Stanley, a California state prisoner, appeals pro se from the

district court's order dismissing his 42 U.S.C. § 1983 action alleging denial of

access to courts and related state law claims. We have jurisdiction under 28 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Stanley's access-to-courts claim because an inmate's constitutional right to access the courts is limited to attacks on his or her conviction, sentence, or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. (emphasis in original).

Stanley's remaining contentions are unpersuasive.

We assume that the district court declined to exercise supplemental jurisdiction over Stanley's state law claims after dismissing his § 1983 claim, and therefore construe the dismissal of these claims to have been without prejudice. *See* 28 U.S.C. § 1367(c)(3); *cf. Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (requiring clarification on remand that dismissal based on declining supplemental jurisdiction was without prejudice).

**AFFIRMED.**