**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | No. 08-15436 |
| Plaintiff - Appellant, | D.C. No. 06-CV-00710-LRH |
| v. | |
| GLENN MILLER, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CALLAHAN, and N.R. SMITH, Circuit Judges.

Hussein S. Hussein appeals from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging a First Amendment retaliation claim and a

state law defamation claim arising out of statements made by fellow faculty

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

member Glenn Miller.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003), and we affirm.

The district court properly granted summary judgment on Hussein's First Amendment retaliation claim because Hussein failed to raise a genuine dispute of material fact as to whether Miller's statements are actionable under § 1983.  *See Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543-46 (9th Cir. 2010) (discussing requirements for a First Amendment retaliation claim); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994) ("[D]amage to reputation is not actionable under § 1983 unless it is accompanied by 'some more tangible interests.'" (citation omitted)).

The district court properly granted summary judgment on Hussein's defamation claim because a reasonable person, hearing Miller's statements in context, would be likely to understand the statements to be an expression of Miller's opinion and not a statement of existing fact.  *See Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 87-88 (Nev. 2003) (discussing factors for determining whether a statement is actionable for purposes of defamation claim).

**AFFIRMED.**

08-15436