**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAL WAWRZYNSKI,

Plaintiff - Appellant,

v.

BRYON HIBSHAM, Officer; et al.,

Defendants - Appellees.

No. 11-55622

D.C. No. 3:10-cv-02347-H-WMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

    Michal Wawrzynski appeals pro se from the district court's order dismissing

his 42 U.S.C. § 1983 action alleging that defendants conspired to retaliate against

him for filing a previous lawsuit challenging the constitutionality of a San Diego

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument and therefore denies Wawrzynski's request for oral
argument.  *See* Fed. R. App. P. 34(a)(2).

pedicab ordinance. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal of an action as barred by the doctrine of res judicata. *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). We affirm.

The district court properly dismissed Wawrzynski's § 1983 claims on the basis of res judicata because the claims were based on the same primary right asserted in a prior state court action that was dismissed with prejudice. *See Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) ("To determine the preclusive effect of a state court judgment federal courts look to state law. California's res judicata doctrine is based on a primary rights theory." (citation omitted)).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Wawrzynski's state law claims after dismissing his § 1983 claims. *See* 28 U.S.C. § 1367(c)(3); *Fang v. United States*, 140 F.3d 1238, 1241 (9th Cir. 1998) (reviewing decision to decline supplemental jurisdiction for an abuse of discretion). We construe the dismissal of the state law claims to have been without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (dismissal based on declining supplemental jurisdiction should be without prejudice).

Wawrzynski's contentions that the prior state court order was not a final judgment, the district court overlooked unserved defendants, and the California Government Code's claim presentation requirement precluded the application of res judicata, are rejected.

**AFFIRMED.**