**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN B. TURNER,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>SUSIE LARSEN, Esq., Individually; et al.,<br><br>    Defendants - Appellees. | No. 12-16518<br><br>D.C. No. 4:11-cv-06191-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted July 24, 2013[**]

Before: ALARCÓN, WARDLAW, and CLIFTON, Circuit Judges.

 Stephen B. Turner appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging that defendants violated his civil

rights in connection with his parole revocation hearing. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo the dismissal of an action for failure

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

to state a claim under 28 U.S.C. § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Turner's § 1983 claim because Turner failed to allege facts showing that defendants acted under color of state law. *See Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (private parties do not generally act under color of state law for § 1983 purposes); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing a lawyer's traditional role as counsel to a defendant).

The district court properly dismissed Turner's § 1985(3) claim because Turner failed to allege facts showing that a discriminatory animus motivated the alleged conspiracy to deprive him of his rights. *See, e.g.*, *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002) ("To bring a cause of action successfully under § 1985(3), a plaintiff must demonstrate a deprivation of a right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in declining to exercise jurisdiction over Turner's state law claims. *See Gini v. Las Vegas Metro. Police*

*Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice.").

**AFFIRMED.**