FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LAMONT SHEPARD, | No. 13-17219 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01470-GSA |
| v. | |
| P. MUNOZ; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted June 25, 2014[***]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

California state prisoner Lamont Shepard appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Shepard consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Amendment violations in connection with inappropriate touching while he was being escorted back to his cell. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Shepard's Eighth Amendment claim against defendant P. Munoz because Shepard failed to allege facts showing that P. Munoz's conduct objectively established a constitutional violation. *See Watison v. Carter*, 668 F.3d 1108, 1112-14 (9th Cir. 2012) ("[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action." (citation omitted)).

The district court properly dismissed Shepard's Eighth Amendment claim against defendants C. Munoz and Campos because Shepard failed to allege facts showing that these defendants knew of and disregarded an excessive risk to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official cannot be found liable for failing to protect an inmate "unless the official knew of and disregarded an excessive risk to inmate . . . safety").

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Shepard's state law claims after dismissing his federal claims without leave to amend. *See* 28 U.S.C. § 1367(c)(3). We construe

the dismissal of the state law claims to be without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994).

We reject Shepard's contention that the district court dismissed Shepard's action as a favor to defendants.

**AFFIRMED.**

13-17219