**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD HOWARD WILEY, | No. 13-56915 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-04334-GHK-AJW |
| v. | |
| DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief Judge, Presiding

Submitted December 9, 2015[**]

Before:      WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Edward Howard Wiley appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising

from defendant's removal of his children from his care.  We have jurisdiction

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm in part, vacate in part, and remand.

The district court properly dismissed Wiley's §§ 1981 and 1983 claims because Wiley failed to allege facts sufficient to show that defendant had a policy or custom that caused his alleged constitutional harms. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (under § 1983, a municipality is liable if there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation); *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1215-16 (9th Cir. 1996) (under § 1981, a municipality is liable for policies and customs which cause injuries, not for the actions of its employees).

The district court properly dismissed Wiley's Title VII claim because Wiley failed to allege facts sufficient to show that he was subject to discriminatory employment practices. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (elements of Title VII employment discrimination claim).

In light of our conclusion that the district court properly dismissed Wiley's federal claims for failure to state a claim, we do not address whether certain federal

claims were also properly dismissed as barred by the statute of limitations.

The district court did not abuse its discretion by denying Wiley further leave to amend his federal claims because, despite being given a prior opportunity to amend, Wiley could not cure the deficiencies in his complaint. *See Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (setting forth standard of review and explaining that district court's discretion to deny further leave to amend is broad where a plaintiff had previous opportunities to amend).

However, we vacate the judgment in part and remand with instructions to dismiss Wiley's state law claims without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." (citation and internal quotation marks omitted; alteration in original)); *see also* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over state law claims upon the dismissal of all federal claims).

We reject Wiley's contentions that the magistrate judge was biased, and that he was prejudiced by the absence of an answer to his amended complaint.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**