**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ONOFRE TOMMY SERRANO, <br><br>        Plaintiff-Appellant, <br><br>   v. <br><br> PRENTICE HILL, Parole Agent, individual; et al., <br><br>        Defendants-Appellees. | No. 14-56252 <br><br> D.C. No. 2:12-cv-10956-VBF-PLA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Former California pre-trial detainee Onofre Tommy Serrano appeals pro se

from the district court's judgment in his 42 U.S.C. § 1983 action arising from a

parole hold.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (legal rulings on exhaustion); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (absolute immunity). We affirm in part, vacate in part, and remand.

The district court properly dismissed Serrano's claims against defendant Lam as barred by absolute quasi-judicial immunity because parole board officials are entitled to immunity for decisions to grant, deny or revoke parole. *See Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004).

The district court properly granted summary judgment on Serrano's claims against defendants Hall, Adkins, Hill, and Abma because Serrano failed to raise a genuine dispute of material fact as to whether he properly exhausted his available administrative remedies. *See Albino*, 747 F.3d at 1171-72 (setting forth respective burdens where a defendant argues that a prisoner failed to exhaust under the Prison Litigation Reform Act). However, dismissal of these claims should have been without prejudice. *See Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) ("[A] district court must dismiss a case without prejudice when there is no *presuit* exhaustion." (citation and internal quotation marks omitted)).

Accordingly, we vacate the judgment to the extent that it dismissed with prejudice Serrano's claims against defendants Hall, Adkins, Hill, and Abma, and

remand for entry of dismissal without prejudice as to these claims.

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Serrano's state law claims after dismissing his federal claims. *See Ove v. Gwinn*, 264 F.3d 817, 821, 826 (9th Cir. 2001) (setting forth standard of review; "[a] court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction" (citation and internal quotation marks omitted)). However, the state law claims should have been dismissed without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994*)* ("When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." (citation and internal quotation marks omitted; alteration in original)).

Accordingly, we vacate the judgment to the extent that it dismissed with prejudice Serrano's state claim laws and remand for entry of dismissal without prejudice as to these claims based on the district court's exercise of its discretion to decline jurisdiction over the state law claims.

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not

presented to the district court are not part of the record on appeal.").  Thus, defendants' motion to strike, filed on October 2, 2015, is granted.

We reject as unsupported by the record Serrano's contention that he did not receive sufficient notice of the requirements to oppose defendants' motion to dismiss for failure to exhaust administrative remedies.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**