**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFONSO MANUEL BLAKE, | No. 23-15151 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 3:19-cv-00321-ART-CSD |
| KIM THOMAS, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| RICHARD SNYDER; WILLIAM GITTERE; CHARLES DANIELS, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Submitted December 20, 2024[**]
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Alfonso Manuel Blake, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), appeals pro se from a district court order granting partial summary judgment to Defendant Kim Thomas in an action arising under 42 U.S.C. § 1983 and the Religious Land Use And Institutionalized Persons Act ("RLUIPA"). We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo and "viewing the evidence in the light most favorable" to Blake, *Fuqua v. Raak*, 120 F.4th 1346, 1352 (9th Cir. 2024), we reverse and remand for further proceedings.

At the time of filing, Blake was an inmate at Ely State Prison ("ESP"). He identifies as Hindu and believes his faith requires *ahimsa*, a "vegan way of life." ESP undisputedly did not have a vegan diet. ESP instead put Blake on the Alternative Meatless Diet, a vegetarian diet that still contained animal products like egg and dairy. Through religious accommodation requests, Blake asked to be placed on the Common Fare Diet ("CFD"). The CFD was another non-vegan diet available at ESP, which Blake believed to be "the closes[t] diet that accommodates the *ahimsa*" with "minimal meat." After his accommodation requests were denied, Blake followed the grievance process through a second-level grievance, which Deputy Director of Programs Kim Thomas personally reviewed and denied.

Blake filed the instant action against various prison administrators, including Thomas in his official and individual capacity. Blake alleged that NDOC

2

unlawfully burdened his religious practice by denying him a vegan diet and denying his request to be served the CFD. Blake brought RLUIPA as well as First and Fourteenth Amendment claims, seeking monetary, injunctive, and declaratory relief.

On dueling motions for summary judgment, the district court issued an order granting in part and denying in part each motion. First, the court granted summary judgment to Blake on the RLUIPA claim and granted injunctive relief. The court concluded that Defendants "substantially burdened" Blake's religious exercise and "provide no evidence that providing Blake (who requires a vegan diet under his faith) with one non-vegan diet over another non-vegan diet advances any government interest, let alone a compelling one." Second, the court dismissed the official-capacity constitutional claims for seeking duplicative injunctive relief. Third, the court dismissed all individual-capacity claims against Thomas on the grounds that Thomas did not personally participate in any alleged constitutional violation. On appeal, Blake narrowly seeks review of the dismissal of the First Amendment claim against Thomas in his individual capacity.

1. To make out a § 1983 claim against an officer in his individual capacity, a plaintiff must show the officer had "direct personal participation in the deprivation" of constitutional rights or "set[] in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the

constitutional injury." *Chaudhry v. Aragon*, 68 F.4th 1161, 1169 (9th Cir. 2023) (quoting *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1044 (9th Cir. 1994)). Generally, if an officer denies a constitutionally-required request, or denies an appeal from a denial of such a request, the officer's denial qualifies as direct personal participation. *See, e.g.*, *Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014) (finding personal participation where prison officer "personally denied [plaintiff's] second-level grievance even though he was aware that an optometrist had recommended surgery and that [plaintiff's] lower-level grievances had been denied despite that recommendation"). However, if an officer lacks authority to grant the request, the officer's denial does not qualify as direct personal participation and he cannot be individually liable. *See, e.g.*, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014) (en banc) (prison doctor not individually liable for failure to provide medical treatment when treatment was "impossible to provide" because doctor "had no control over the budget").

Here, it is undisputed that Thomas personally denied Blake's grievance appealing from the denial of his CFD request. But Thomas argues, and the district court agreed, that the record shows he lacked the authority to grant Blake's CFD request. For the following reasons, we disagree. Viewing the evidence in the light most favorable to Blake, a reasonable jury could find that Thomas had authority to grant Blake's CFD request.

NDOC Administrative Regulation ("AR") 814 sets forth the CFD policy. AR 814 provides, "[a]ny inmate who sincerely subscribes to a religious/spiritual group that is listed as authorized to meet in NDOC facilities is eligible to be considered for the Common Fare [Diet]." Hinduism is undisputedly a religious group authorized to meet in NDOC facilities. Thus, a reasonable jury could find that Blake was eligible to be considered for the CFD. When Thomas denied Blake's CFD request on appeal through the grievance process, Thomas stated, "As noted in AR 814, a person who has a faith group listed as Hindu is not eligible for the Common Fare Menu." However, that statement conflicts with the plain language of AR 814 and does not establish that Blake was ineligible for the CFD.

Thomas relies on a different regulation, AR 810.2, to show he lacked authority to put Hindu inmates on the CFD. AR 810.2, titled "Faith Group Overview," lists twenty-eight faith groups that NDOC recognizes, which includes "Hindu." The regulation also contains a chart, where each row lists (among other things) a faith group and the corresponding "diet consideration and fast days." For Hindu, the "diet consideration" column states "Alternative meatless diet." For Islam, Judaism, and Seventh-day Adventist, the "diet consideration" includes both the CFD and the Alternative Meatless Diet.

AR 810.2, when read together with AR 814, is at best ambiguous. Thomas does not point to any language in any regulation indicating the listed "diet

consideration" in AR 810.2 is mandatory rather than a default option that can be overridden by individual inmates' accommodation requests. A reasonable jury could conclude Hindu inmates receive the Alternative Meatless Diet by default under AR 810.2 but could get approved for the CFD under AR 814.

In addition, a reasonable jury could find that Thomas had the authority to grant Blake's grievance appealing the Chaplain's denial of his religious diet request. Under AR 814, to request the CFD, an inmate must fill out and "submit to the Chaplain" "Form 3060." Form 3060 is titled, "Religious/Spiritual Belief Diet Accommodation Request and Registration." At the end of Form 3060, there is a space for the Chaplain to sign the form and indicate whether they approve or deny the inmate's request. Form 3060 then expressly provides that inmates "may appeal this decision through the grievance process." The district court stated, "AR 814 does not give decision-making power to the Deputy Director," only the Chaplain. But, because Form 3060 indicates that an inmate may appeal the Chaplain's decision by filing a grievance, a reasonable jury could infer that any officer assigned to consider such a grievance has the authority to override the Chaplain's decision. In this case, it is undisputed that Blake followed the process prescribed by AR 814: he filled out Form 3060 and submitted it to the Chaplain, and when the Chaplain denied his request, he filed and pursued a grievance appealing that decision. Further, it is undisputed that Thomas was the officer assigned to hear that

6

grievance at the final level. Thus, a reasonable jury could find Thomas personally had the authority to reverse the denial of Blake's request.

NDOC's general policy on religious practice, set out in AR 810, also indicates that Thomas, as a Deputy Director, had the authority to approve Blake's CFD request. AR 810's preamble section, titled "Responsibility," states that "Deputy Directors" and various other officers are "responsible for the practice of Religious and Faith Group services." Thomas urges us to interpret "services" as referring only to religious ceremonies, not religious diets. However, AR 810.02(4) specifically states, "Institutions and facilities will take reasonable steps to meet the needs of approved faith groups, such as: *diets*, holy days and special services or ceremonies and study groups." (Emphasis added.) Viewing AR 810 in the light most favorable to Blake, a reasonable juror could find that the policy makes Deputy Directors responsible for all aspects of religious practice, including diets.

In sum, viewing the record in the light most favorable to Blake, a reasonable juror could find that Thomas had authority to grant Blake's CFD request when he heard Blake's grievance. If so, then Thomas's denial of that request could qualify as direct personal participation in the alleged deprivation of Blake's First Amendment free exercise right. *Colwell*, 763 F.3d at 1070. Consequently, the district court's grant of summary judgment to Thomas was in error.

2. Thomas argues that even if he had authority to approve Blake's CFD

request, denying the request did not violate Blake's First Amendment rights. Thomas also argues he is entitled to qualified immunity. Finally, Thomas argues NDOC had a "legitimate penological reason" for denying Blake's CFD request, citing the four-factor test in *Turner v. Safley*, 482 U.S. 78, 89–90 (1987).[1]

Because the district court did not reach these issues, we remand for the court to address them in the first instance. *See Friedman v. AARP, Inc.*, 855 F.3d 1047, 1057 (9th Cir. 2017). Defendant Thomas's motion for judicial notice, Dkt. No. 29, is DENIED because the proffered document is unrelated to the sole issue we decide in this appeal.

**REVERSED** and **REMANDED**.

Costs are awarded to Plaintiff.

---

[1] We need not address the Equal Protection claim because Blake appeals only the district court's dismissal of the First Amendment claim. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).