**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

SEP 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK A. KOCH,

       Plaintiff - Appellant,

 v.

CITY OF SPOKANE, a
Municipality; SPOKANE
INTERNATIONAL AIRPORT, a
Municipality,

       Defendants - Appellees.

No. 24-3485

D.C. No. 2:23-cv-00164-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted September 17, 2025[**]

Before:    SILVERMAN, OWENS, and BRESS, Circuit Judges.

    Mark A. Koch appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging federal and state law claims arising from a

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

parking violation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo and may affirm on any basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

Summary judgment was proper on Koch's claims because Koch failed to raise a genuine dispute of material fact as to whether any of his constitutional rights were violated. *See Int'l Franchise Ass'n, Inc. v. City of Seattle*, 803 F.3d 389, 407 (9th Cir. 2015) (noting that rational basis review applies where there is no protected class or fundamental constitutional right); *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1084 (9th Cir. 2015) (concluding that under rational basis review, "[p]laintiffs have the burden to negate every conceivable basis which might support the rules . . . ." (citation and internal quotation marks omitted)); *Marsh v. County of San Diego*, 680 F.3d 1148, 1155-56 (9th Cir. 2012) (concluding that a state law will create a protected liberty interest only if it contains substantive predicates and "explicitly mandatory language specifying the outcome" if the predicates are met (citation and internal quotation marks omitted)); *Pest Comm. v. Miller*, 626 F.3d 1097, 1111-12 (9th Cir. 2010) (setting out the test for an as-applied vagueness and overbreadth challenge).

Although summary judgment for defendants in Koch's action was proper, judgment on the state law claims over which the district court declined to exercise supplemental jurisdiction should be entered without prejudice. *See Gini v. Las*

*Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994). We affirm the district court's dismissal of these claims but instruct the district court to enter judgment on these claims without prejudice.

**AFFIRMED with instructions to amend the judgment.**