NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BEATRICE JOHNSON, surviving sister and statutory beneficiary of estate of Dorothy Dale-Chambers,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CITY OF PHOENIX; COUNTY OF MARICOPA; UNKNOWN PARTIES, named as John and Jane Doe Agents and Employees I-X; Black Corporations I-X; and White Public Entities I-X; PHOENIX POLICE DEPARTMENT, named City of Phoenix Police Department; ARIZONA DEPARTMENT OF TRANSPORTATION; TERRAN CAMPBELL; JENNIFER MALONE; ROBERT PITTS; MARICOPA COUNTY OFFICE OF THE MEDICAL EXAMINER,<br><br>Defendants - Appellees. | No. 24-6915<br><br>D.C. No.<br>2:23-cv-00495-GMS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted November 20, 2025
Phoenix, Arizona

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HAWKINS, HURWITZ, and COLLINS, Circuit Judges.

Beatrice Johnson sued the City of Phoenix and Maricopa County ("Defendants") for allegedly failing to notify her of the death of her sister, Dorothy Dale-Chambers, from an auto accident in a timely manner. The district court dismissed Johnson's 42 U.S.C. § 1983 claims with prejudice and declined to exercise supplemental jurisdiction over her state-law claim. Reviewing de novo, *Olson v. California*, 104 F.4th 66, 76 (9th Cir. 2024) (en banc), we affirm.

1. Count One of Johnson's operative Third Amended Complaint asserts an equal protection claim, alleging that the Defendants failed to notify Johnson of her sister's death "within a reasonable time frame" because she and her family are Black. Johnson asserts she was treated differently pursuant to "official policy," citing a news article that "found that [the Defendants] had failed to notify relatives when their family members who were experiencing homelessness died."

Johnson has not plausibly alleged that the Defendants acted with the "racially discriminatory intent or purpose [that] is required to show a violation of the Equal Protection Clause." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Johnson argues that "[o]thers not blacks received prompt notification of the death of their family members," such as the family of Dale-Chambers's Hispanic boyfriend who was killed in the same accident, but "showing that different persons are treated differently is not enough, without more, to show a

denial of equal protection." *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 230 (1964). Johnson also alleges that "the failure to notify family members of homeless individuals has disparate impact on . . . black families" because "black individuals make up nearly half of the homeless population in the country, despite [comprising] only 13% of the total population." This does not show the "gross statistical disparities" that may "constitute prima facie proof of a pattern or practice of discrimination." *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 307–08 (1977); *see also Vill. of Arlington Heights*, 429 U.S. at 266 (requiring a "stark" pattern to establish a claim of intentional discrimination based on statistical disparities).

2. Count Two of the operative complaint asserts a class-of-one equal protection claim, alleging that Johnson was discriminated against as "the known family member of a homeless person." To state a class-of-one claim, a plaintiff must plausibly allege that she was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). Although Johnson adequately alleges that the Defendants promptly established Dale-Chambers's identity, the operative complaint does not allege sufficient facts to raise a plausible inference that the Defendants immediately knew that Johnson was Dale-Chambers's next of kin. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Johnson does not

plausibly allege that she was discriminated against once the Defendants learned she was her sister's next of kin. She admits that, after she made her identity known to the Defendants, her sister's body was promptly released to her.

3. Count Three of the operative complaint asserts that the Defendants denied Johnson due process by interfering with her common-law right of sepulcher,[1] which she argues gave her a quasi-property right to possess her sister's body.[2] The district court construed this as a *Monell* claim.

To plead a *Monell* claim against a municipality under § 1983, a plaintiff must plausibly allege that: (1) she possessed a constitutional right of which she was deprived; (2) the municipality had a policy; (3) this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Johnson failed to plausibly allege the

---

[1]     Although Johnson's opening brief appears to instead assert a freestanding common-law sepulcher claim for the first time on appeal, Johnson conceded at oral argument that her only pendent state-law claim was her negligence claim. We therefore do not address any such freestanding state-law sepulcher claim. *One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009) ("A party normally may not press an argument on appeal that it failed to raise in the district court.").

[2]     Johnson also alleges that the Defendants denied her procedural due process "by failing to comply with the requirements outlined in A.R.S. § 11-593 and A.R.S. § 11-597.01," but acknowledges the right of sepulcher is the "essence" of her claim. In any event, neither statute requires the Defendants to notify family members or creates a property right in a relative's remains.

required municipal policy. Although her operative complaint states that the Defendants acted pursuant to "an official policy, statement, ordinance, regulation, or decision," it provides no factual basis for this allegation other than a news article that merely states that some families "learned weeks or months later that their loved one had passed." Attributing misconduct to official policy "in a conclusory fashion" is "insufficient to state a viable claim." *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1061 (9th Cir. 2019).

4. The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Johnson's state-law claim after it dismissed the federal claim. *See, e.g.*, *Hill v. City of Fountain Valley*, 70 F.4th 507, 519 (9th Cir. 2023). The district court's order, however, dismisses Johnson's entire Third Amended Complaint with prejudice. We remand to the district court with instructions to dismiss the state claim without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994).

**AFFIRMED in part and REMANDED in part.  The parties shall bear their own costs on appeal.**