NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MIKKELSEN GRAPHIC ENGINEERING, INC.,**
*Plaintiff-Appellee,*

**v.**

**ZUND AMERICA, INC.,**
*Defendant-Appellant.*

---

2012-1472

---

Appeal from the United States District Court for the Eastern District of Wisconsin in No. 07-CV-0391, Judge Lynn Adelman.

---

Decided: August 16, 2013

---

PETER N. JANSSON, Jansson Shupe & Munger Ltd., of Racine, Wisconsin, argued for plaintiff-appellee. With him on the brief was MOLLY H. MCKINLEY. Of counsel was ERIC VAN CAMPEN JANSSON.

JAMES F. BOYLE, Boyle Fredrickson, S.C., of Milwaukee, Wisconsin, argued for defendant-appellant. With him on the brief were JOHN P. FREDRICKSON and KYLE M. COSTELLO.

---

Before DYK, BRYSON, and WALLACH, *Circuit Judges.*

DYK, *Circuit Judge.*

Plaintiff Mikkelsen Graphic Engineering, Inc. ("MGE") filed suit against defendant Zund America, Inc. ("Zund"), asserting that Zund infringed U.S. Patent No. 6,619,168 ("the '168 patent") and U.S. Patent No. 6,672,187 ("the '187 patent"). After claim construction, MGE moved for summary judgment of infringement, and Zund moved for summary judgment of non-infringement and invalidity. The district court granted summary judgment of infringement to MGE, and denied Zund's motion for summary judgment of invalidity. The district court later determined that its earlier order had also granted summary judgment of no invalidity to MGE, and barred Zund from conducting further discovery on invalidity and presenting an invalidity defense at trial. The court granted MGE an injunction against infringing activity and ordered a damages trial. Zund appealed. We conclude that we have jurisdiction only over the appeal from the injunction. In that respect, we affirm the district court's claim construction and its grant of summary judgment of infringement to MGE. However, we vacate the district court's sua sponte grant of summary judgment of no invalidity, vacate the injunction, and remand for further proceedings.

## BACKGROUND

In 2007, MGE filed suit in the Eastern District of Wisconsin against Zund and its European affiliate, Zund Systemtechnik, claiming that Zund's graphics cutting systems infringed the '168 and '187 patents, which are owned by MGE.[1] The '168 patent claims a method and

---

[1]    MGE also alleged infringement by Zund's European affiliate, Zund Systemtechnik, and filed various state-law claims against Zund and certain Zund employees. The district court found that Zund Systemtechnik had not

apparatus for automatically adjusting a graphics cutting machine to compensate for a misaligned sheet of material. This is accomplished by sensing pre-printed "registration marks" and using those marks to determine the sheet's position and orientation. Representative claim 1 of the '168 patent states:

> 1. In a method for cutting a graphics area including graphics from a sheet of material bearing such graphics area and *a plurality of registration marks in predetermined positions with respect thereto at the time the graphics are applied, a subset of the marks being initial-position/orientation-determining marks* on no more than one side of the graphics area, the method being of a type including (a) placing the sheet of material on a sheet-receiving surface, (b) sensing the subset in a field of view of the main sensor to determine a position and orientation of the sheet of material and approximate positions of the plurality of registration marks at the time of cutting, (c) sensing precise positions of the marks, and (d) cutting the graphics area from the sheet of material in response to the precise positions of the marks with respect to the graphics area at that time, the improvement comprising:
>
>> if the subset is not in an expected location, automatically determining a coordinate region of the subset on the sheet-receiving surface; and
>>
>> in response to determining the coordinate region of the subset, automatically reposi-

infringed, dismissed the state-law claims, and ordered Zund Systemtechnik and the Zund employees dismissed from the litigation. Zund Systemtechnik and the Zund employees are not parties to this appeal.

> tioning the main sensor to the coordinate region such that the subset is within the field of view of the main sensor
>
> whereby cutting occurs precisely despite two-dimensional distortion of the sheet of material prior to cutting.

'168 patent col. 9, ll. 7–31 (emphasis added).

The '187 patent similarly claims a method and apparatus for determining a sheet's position and orientation and automatically adjusting the graphics cutter accordingly, but it does so by sensing "reference features," such as edges and corners of the sheet:

> 1. In a method for cutting at least one graphics area from a sheet of material bearing a combination of such graphics area(s) and *a plurality of registration marks in predetermined positions with respect to the graphics area(s), such combination being in a predetermined approximate position and orientation with respect to a set of reference features of the sheet of material*, the method including (a) placing the sheet of material on a sheet-receiving surface, (b) sensing precise positions of the marks with a main sensor, and (c) cutting the graphics area(s) from the sheet of material in response to such precise positions, the improvement comprising:
>
>> automatically determining whether the reference features are in an expected coordinate region on the sheet-receiving surface;
>>
>> if the reference features of the sheet of material are not in the expected coordinate region, automatically determining the coordinate region of the reference features on the sheet-receiving surface;

> sensing metrics of the reference features to determine a position and orientation of the sheet of material; and
>
> inferring therefrom the approximate positions of the registration marks.

'187 patent col. 9, ll. 36–56 (emphasis added).

In 2009, the district court issued a *Markman* order construing the relevant claims. *Mikkelsen Graphic Eng'g, Inc. v. Zund Am., Inc.*, No. 07-CV-0391 (E.D. Wis. Dec. 15, 2009). In particular, the district court construed the language "initial-position/orientation-determining marks," found in claims 1, 2, 3, and 9 of the '168 patent, to mean "unique marks that are distinguishable from ordinary registration marks . . . designed specifically for use in determining the initial position and orientation of the sheet." *Id.*, slip op. at 12. The court construed "a set of reference features of the sheet of material," found in claims 1, 13, 19, and 21 of the '187 patent, to mean "edges, corners and detectable graphical images within the graphics area of the sheet." *Id.*, slip op. at 19.

The parties then filed cross-motions for summary judgment. MGE sought summary judgment of infringement. *See* 35 U.S.C. § 271(a), (b). MGE did not seek summary judgment of no invalidity, although it did seek partial summary judgment, on an assignor estoppel theory, to preclude Zund from asserting an invalidity defense. Zund in turn sought summary judgment of noninfringement and invalidity, raising issues of anticipation and on-sale bar under 35 U.S.C § 102(a) and (b), as well as indefiniteness under 35 U.S.C § 112. Zund argued, inter alia, that its systems did not infringe because they used ordinary registration marks to determine the orientation and position of sheets, and did not utilize distinct "initial-position/orientation-determining marks" or "reference features" in performing this function. On the anticipation issue, Zund also argued that MGE's claims were invalid as anticipated by European Patent Application

No. EP 0 704 283, which disclosed a prior art graphics cutting system ("the Summagraphics system"). That system was able to sense pre-printed marks and use them to correct for misaligned sheets. Zund also submitted a video showing a Summagraphics system performing the claimed methods. Zund also argued that the '187 patent's claims were invalid as indefinite because they were overbroad and unsupported by the specification. Although Zund had asserted an obviousness defense in its answer, *see* Defendants Zund America, Inc., et al.'s Answer and Counterclaims at ¶ 110(b), *Mikkelsen*, No. 07-CV-0391 (June 6, 2007), ECF No. 9, Zund did not seek summary judgment on grounds of obviousness.

In response, MGE argued that summary judgment of invalidity was inappropriate because there were "at the very least . . . genuine issues of material fact with respect to asserted invalidity." MGE's Br. in Response to Defs.' Patent-Related Summ. J. Mot., Etc. at 25–26, *Mikkelsen*, No. 07-CV-0391 (Oct. 8, 2010), ECF No. 245. MGE stated that the Summagraphics patent and video "d[id] not create any basis for a ruling of invalidity," *id.* at 27, that Zund "ha[d] fallen far short of establishing that there is no genuine issue of material fact regarding [Zund's] allegations of invalidity," *id.* at 29, and that "summary judgment of invalidity by the applicable clear-and-convincing standard could [not] properly be granted," *id.* at 25–26. Despite MGE's contention that the record did not support summary judgment of invalidity, MGE did not move for summary judgment of no invalidity. *Id.* at 38.

The district court issued an order revising its claim construction, denying Zund's motions for summary judgment of non-infringement and invalidity, and granting MGE's motion for summary judgment of direct infringement by Zund. *Mikkelsen*, No. 07-CV-0391, 2011 WL 1330782 (E.D. Wis. Apr. 7, 2011). The district court explained that in its *Markman* order, with respect to the '168 patent, it had erroneously assumed that a person

with ordinary skill in the art would understand the initial-position marks to be a unique type of mark distinguishable from other registration marks. However, "[h]aving become more familiar with the technology" during the litigation, the district court had realized that:

> [the claimed] system can function properly *without having the ability to make distinctions between initial-position/orientation-determining marks and ordinary registration marks.* For this reason, a person having ordinary skill in the art would not understand the '168 claims to require the ability to make such distinctions.

*Id.* at *5 (emphasis added). In light of the revised construction of the '168 patent, Zund's argument that its software did not distinguish a unique set of initial-position marks was "no longer relevant," and the district court concluded that Zund's system directly infringed the '168 patent. *Id.* at *6. With respect to the '187 patent, the district court appeared to assume that its original claim construction also required unique reference features; in its summary judgment order, the court determined that "reference features do not need to be unique, and so any two registration marks could serve as a set of reference features." *Id.* at *8. Therefore, Zund's system directly infringed the '187 patent as well. *Id.*

The district court then turned to Zund's invalidity arguments. It concluded that the Summagraphics patent application was not an anticipating prior art reference because it failed to disclose a particular element of the asserted claims, i.e., the function of inferring the approximate location of registration marks or reference features that are outside the initial field of view. *Id.* at *12. Although Zund's video depicted a Summagraphics system performing this function, the video was filmed after the critical date, and the district court concluded that for this reason, it was not "prior art." Therefore, "Zund has not demonstrated that the '168 and '187 patents are invalid due to the prior art." *Id.* The district court also rejected

Zund's indefiniteness argument, and concluded that Zund failed to develop an obviousness argument in its summary judgment briefs, and thereby "forfeited" that argument. *Id.* at *13 n.13.

The district court entered partial summary judgment for MGE on infringement and denied Zund's motions for summary judgment of non-infringement and invalidity. *Id.* at *14–15. The district court found it unnecessary to reach MGE's assignor estoppel argument: "because I have determined that Zund's invalidity defenses fail as a matter of law, I need not consider whether those defenses also fail because of assignor estoppel. Therefore, MGE's motion for summary judgment regarding assignor estoppel is denied without prejudice." *Id.* at *14.

Soon after the entry of summary judgment, Zund sought further discovery about the prior art Summagraphics system from the manufacturer of that system. MGE objected, telling Zund that its invalidity defense had been conclusively rejected in the April 2011 summary judgment order, and that invalidity "[wa]s no longer before the trial court." Ex. 3 to MGE's Mot. for Protective Order and Br. in Supp. Thereof at 3, *Mikkelsen*, No. 07-CV-0391 (May 24, 2011), ECF No. 270-3 (email from Peter Jansson to James F. Boyle). Zund disputed MGE's characterization of the summary judgment order:

> [T]he most that can be said is that the court denied our motion for summary judgment with respect to invalidity. . . . A denial of summary judgment does not mean that the moving party is precluded from presenting additional evidence at trial.

*Id.* at 2 (email from James F. Boyle to Peter Jansson).

Zund then moved for reconsideration of the summary judgment order, urging the district court to return to its original claim construction, or at least to give Zund "an opportunity to conduct sufficient discovery so that it may submit additional proof substantiating the Sum-

ma[graphics] system as prior art against the '168 and '187 patents." Defs' Br. in Support of Mot. for Recons. of Apr. 7, 2011 Summ. J. Decision at 22, *Mikkelsen*, No. 07-CV-0391 (May 24, 2011), ECF No. 269-1.

MGE sought a protective order precluding further discovery on invalidity, arguing that "the invalidity issue has been resolved by the Court as a matter of law." MGE's Mot. for Protective Order and Br. in Supp. Thereof at 2, *Mikkelsen*, No. 07-CV-0391 (May 24, 2011), ECF No. 270. The district court denied Zund's motion seeking further discovery and granted MGE's motion for a protective order:

> The court will not reconsider Zund's invalidity argument based on the Summagraphics prior art reference, and for this reason plaintiff's motion for a protective order preventing additional discovery on this issue is GRANTED. Zund has already had a full and fair opportunity to gather and present evidence regarding this prior art defense and is not entitled to a second opportunity.

Court Minutes of Status Conference at 2, *Mikkelsen*, No. 07-CV-0391 (May 25, 2011), ECF No. 273 (internal citation omitted).

Thereafter, Zund filed a motion *in limine*, arguing that the denial of its motion for summary judgment should not foreclose presentation of a defense based on new evidence, because the "denial of summary judgment d[id] not foreclose the issue for trial, but merely established the existence of a genuine issue for trial." Def. Br. in Supp. of Mot. In Limine at 12, *Mikkelsen*, No. 07-CV-0391 (Mar. 30, 2012), ECF No. 310 (internal quotation marks omitted). Zund attached several exhibits to its motion, including (1) a buyout lease quote provided in 1998 to Bruce Stranskov of American Laser Cut Grafix for a Summagraphics 48' plotter system, J.A. 419; (2) receipts for the purchase of a "[u]sed Summa Sign Pro T1300 [v]inyl cutter" from Mr. Stranskov, J.A. 410–413; and (3)

videos of the Summagraphics system purchased from Mr. Stranskov performing the claimed functions, using software available in 1997, *see* J.A. 406–08 ¶¶ 12–18. Zund argued that this new evidence demonstrated that a Summagraphics system which satisfied all elements required by the court's revised claim construction had been offered for sale well before the critical date of MGE's patents, and stated that it could provide testimony to that effect. *See* Def. Br. in Supp. of Mot. in Limine at 16–17.

The district court denied Zund's motion:

Regarding Zund's motion in limine, [the] court clarifies that grant of summary judgment to MGE included rejection of Zund's invalidity defense based on prior art. Therefore, no evidence regarding prior art may be admitted at trial.

Court Minutes of Conference at 1, *Mikkelsen*, No. 07-CV-0391 (June 11, 2012), ECF 346 (internal citation omitted); *see also* J.A. 59 (Transcript of June 11, 2012 Status Conference) ("I granted summary judgment to MGE on this invalidity question. In the summary judgment order, I granted summary judgment stating that Zund had infringed the patents."). The district court granted MGE injunctive relief against further infringing activity, and ordered a damages trial.

On June 19, 2012, Zund appealed the district court's June 11, 2012 order granting injunctive relief, together with the underlying April 11, 2011 summary judgment order. The district court stayed the damages proceedings pending appeal. We have jurisdiction over an appeal from an order granting injunctive relief pursuant to 28 U.S.C. § 1292(a)(1). *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1147 (Fed. Cir. 2011).[2]

---

[2]    MGE contends that, to the extent Zund seeks to base its appeal on the theory that the April 11, 2011, summary judgment order is a final determination of

liability for purposes of 28 U.S.C. § 1292(c)(2), the continued pendency of MGE's May 23, 2012 Rule 60(b) motion means the order is not yet appealable, thereby depriving us of jurisdiction. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 60–61 (1982). MGE's Rule 60(b) motion sought relief from the portion of the April 11, 2011, summary judgment order rejecting MGE's infringement claims against Zund's European affiliate Zund Systemtechnik and dismissing it from the case. We agree with MGE that because the district court refused MGE's requests to enter judgment for purposes of appeal, there is as yet no final judgment in this case with respect to the issue of liability.

However, we agree with Zund that we have jurisdiction as to the appeal from the injunction. This court previously denied MGE's motion to dismiss for lack of jurisdiction, finding that we had jurisdiction to hear Zund's appeal from the entry of injunctive relief. *See Mikkelsen Graphic Eng'g, Inc. v. Zund Am., Inc.*, No. 2012-1472 (Fed. Cir. Nov. 2, 2012). MGE now argues that under the tolling rules stated in Federal Rule of Appellate Procedure 4(a)(4)(A)(vi)–(B)(i), Zund's notice of appeal was not effective, because the 60(b) motion was never resolved. However, to the extent the pending Rule 60(b) motion would prevent appeal of the subsequent injunction order, we think it clear that the entry of the injunction order implicitly denied the pending motion, at least as to the injunction. *See Dunn v. Truck World, Inc.*, 929 F.2d 311, 313 (7th Cir. 1991) (holding that entry of an appealable judgment by the trial court "necessarily denies pending motions and so starts the time for appeal"); *see also, e.g.*, *Addington v. Farmer's Elevator Mutual Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981) ("The denial of a motion by the district court, although not formally expressed, may be implied by the entry of final judgment . . . or of an order inconsistent with the granting of the relief sought

DISCUSSION

I

Zund first argues that the district court's revised claim construction was erroneous, and the district court improperly granted summary judgment of infringement to MGE. Claim construction is a matter of law which we review de novo. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1451 (Fed. Cir. 1998). We also review a district court's grant of summary judgment de novo. *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1315 (Fed. Cir. 1998).

The only claim construction issues raised on appeal concern the "initial-position/orientation-determining marks" language of the '168 patent, and the language concerning "reference features" in the '187 patent. According to Zund, "initial-position/orientation-determining marks" are a subset of registration marks that are unique and visually distinguishable from ordinary registration marks. However, neither the word "unique" nor the word "distinguishable" is used in the asserted claims of the '168 patent to describe initial-position marks. Rather, the claims make clear that the initial-position marks are those registration marks which *perform a required function*, i.e., conveying information about the position and orientation of the sheet of material. *See* '168 patent col. 9, ll. 14–15.

---

by the motion."). We reject MGE's argument that Zund somehow lacks standing to appeal the injunction order.

Because we have jurisdiction over the appeal from the injunction order, and both appeals present the same issues, our lack of jurisdiction over the appeal from the April 11, 2011, summary judgment order has no practical effect.

While Zund points to a single instance of the word "unique" in the '168 patent's specification, the cited passage simply mentions one possible embodiment having "more than one subset of unique initial-position/orientation-determining marks." *See* '168 patent col. 6 ll. 30–33. Neither this passage nor any other language in the specification requires that the initial-position marks be visually distinguishable from other registration marks. Zund also points to Figure 2, which depicts two large, conspicuous initial-position marks and a plurality of smaller registration marks. But it is well established that "particular embodiments appearing in the specification will not generally be read into the claims." *Specialty Composites v. Cabot Corp.*, 845 F.2d 981, 987 (Fed. Cir. 1988). The use of a specific embodiment for illustrative purposes does not impliedly exclude other embodiments. *See, e.g.*, *Virginia Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 866 (Fed. Cir. 1997) (holding that it was "unsound" to "rel[y] on the absence of a drawing" showing devices with non-linearly moving plates as a justification to limit the claims to devices having "purely linear[ly]" moving plates).

Nor is there any basis here for inferring that the patentee intended to limit the claims to the illustrated embodiments. The specification states that the "descriptions [of the illustrated embodiments] are made only by way of example and are not intended to limit the scope of the invention," '168 patent col. 9 ll. 3–5, and it is hardly surprising that Figure 2 would depict an embodiment with conspicuous, readily identifiable initial-position marks as an example of "a sheet . . . including [initial-position] marks," *see id.* col. 5 ll. 29–31. Finally, Zund concedes that the prosecution history of the patents is "particularly uninformative" with respect to the construction of the disputed claim language. Appellant's Br. at 28, 52. In sum, there is no intrinsic evidence to warrant, or even support, the imposition of Zund's narrowing construction on the plain language of the '168 patent's claims.

With respect to the '187 patent, Zund argues that "a set of reference features of the sheet material" means a set of physical features like edges or corners, not a set of pre-printed registration marks. But there is no support in the claims or specification for such a narrow construction. The claims do not define "reference features," and the specification cuts the other way, stating that the "metrics" of a given reference feature, *see* '187 patent col. 4, ll. 66–67, which are used to infer the position and orientation of the sheet, "might include, among other things, *certain geometric descriptors of shapes, positions, and orientations of graphical images within the graphics area itself*," *id.* col. 5, ll. 12–14 (emphasis added); *see also id.* col. 8 ll. 57–59 ("FIG. 9B illustrates a different set 51 of reference features *comprised of certain features of graphics area 42a and a corner of sheet 40.*") (emphasis added). These passages unequivocally state that printed graphics can be used as reference features. Zund identifies no language that restricts the use of printed graphics as reference features in such a way as to exclude pre-printed registration marks.

For the reasons already discussed with respect to the '168 patent, the illustrations in the '187 patent, which depict the use of edges or corners as reference features, do not impliedly limit the scope of the claims to exclude the use of registration marks. *See, e.g.*, '187 patent fig. 3.

Because the district court's constructions are supported by the plain language of the claims and specification, we affirm its constructions of the disputed language in both patents. Because Zund's non-infringement arguments rest solely on the premise that the district court's constructions were erroneous, we also affirm the district court's grant of summary judgment of infringement to MGE.

## II

Zund next argues that the district court improperly precluded it from conducting discovery with respect to its

invalidity defense, and from presenting that defense at trial. The district court ruled that the "grant of summary judgment to MGE included rejection of Zund's invalidity defense based on prior art." Court Minutes of Conference at 1. The district court apparently viewed this order as disposing of Zund's other invalidity defenses as well. The problem is that MGE never moved for summary judgment on the issue of invalidity. MGE only moved for summary judgment of infringement on the question of whether Zund's accused systems were within the asserted claims, and did not request summary judgment on the merits of the validity issue. Although MGE opposed Zund's motion for summary judgment of invalidity, it did so by arguing that if assignor estoppel did not apply, there was a dispute of material fact as to the issue of invalidity.

As Supreme Court precedent and our own cases establish, "patent infringement and patent validity are treated as separate issues." *Pandrol, USA v. Airboss Ry Prods., Inc.*, 320 F.3d 1354, 1364 (Fed. Cir. 2003). A patentee's motion for summary judgment of infringement does not implicitly include a motion on the issue of invalidity, and "an alleged infringer's failure to raise [an invalidity defense] in opposition to a motion for summary judgment of infringement is not a waiver [of that defense]." *Id.* at 1365.

Nor can the district court's motion be sustained as a sua sponte grant of summary judgment of no invalidity. It is well established that a district court has "the power to enter summary judgment sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence." *Int'l Vis. Corp. v. Crown Metal Mfg. Co.*, 991 F.2d 768, 770 (Fed Cir. 1993) (per curiam) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)); *see also* Fed. R. Civ. P. 56(f) ("After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party . . . "). Thus, "if the case is one appropriate for the entry of summary judgment, the

fact that it may be granted on a ground different from that specified in the motion therefor does not warrant the disturbing of the judgment on appeal." *Broderick Wood Prods. Co. v. United States*, 195 F.2d 433, 436 (10th Cir. 1952); *see also, e.g.*, *Ware v. Trailer Mart, Inc.*, 623 F.2d 1150, 1154 (6th Cir. 1980).

However, grants of summary judgment to a non-moving party are generally disfavored, because they risk depriving a losing party of adequate notice and opportunity to oppose summary judgment. That is why Federal Rule 56(f) provides that district courts may enter judgment only "[a]fter giving notice and a reasonable time to respond." Fed. R. Civ. P. 56(f). If the court believes a non-moving party that has not filed a cross-motion for summary judgment on a particular issue is nonetheless entitled to judgment on that issue, "great care must be exercised to assure that the original movant has had an adequate opportunity to show that there is a genuine issue and that the opponent is not entitled to judgment as a matter of law." 10A Wright & Miller, Fed. Prac. & Proc. § 2720, at 353–54 (1998). If the court has "not provide[d] the parties with adequate notice or an opportunity for [the losing party] to present evidence and argument in opposition to the motion," granting summary judgment sua sponte is inappropriate. *Fin Control Sys. Pty v. Oam*, 265 F.3d 1311, 1321 (Fed. Cir. 2001); *see also Celotex*, 477 U.S. at 326. Applying this principle, we have vacated a grant of summary judgment of invalidity to an alleged infringer, who had not moved for summary judgment on that basis, because the infringer's invalidity defenses

> were not the subject of any motion before the district court, nor d[id] the record indicate that these aspects of the case had been fully litigated at the time that the district court entered judgment. Therefore, the district court's sua sponte grant of summary judgment of invalidity and unenforceability was procedurally improper . . . .

*Fin Control Sys.*, 265 F.3d at 1321.

Moreover, Zund, in moving for summary judgment on invalidity, could have relied appropriately on the district court's original claim construction. Under the revised, broader claim construction adopted in the summary judgment order, Zund might have been able to advance additional evidence of invalidity at the summary judgment stage. Given the district court's revision of its claim construction, which we now affirm, it would be particularly inappropriate to assume that Zund has had adequate opportunity to oppose the sua sponte entry of summary judgment on invalidity.

It is also black letter law that the denial of a party's motion for summary judgment of invalidity is not sufficient to justify a reciprocal grant of summary judgment of no invalidity to the other party. "The fact that one party fails to satisfy [its] burden on his own Rule 56 motion does not automatically indicate that the opposing party has satisfied his burden and should be granted summary judgment on the other motion." 10A Wright & Miller, Fed. Prac. & Proc. § 2720, at 335 (1998). Our holding in *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1331–32 (Fed. Cir. 2009) is on point. In that case, patentee Vita-Mix and alleged infringer Basic filed cross-motions on validity. The district court denied Basic's motion because Basic provided "no evidence of invalidity. For this reason the [district] court [also] granted summary judgment of no invalidity [to Vita-Mix]." *Id.* at 1331. We reversed and remanded, explaining that the district court's assessment of the merits of Basic's failed motion:

> provide[d] no reason to grant Vita-Mix's summary judgment motion of no invalidity. . . . [A] district court cannot rely on its assessment of one party's motion for summary judgment of invalidity when evaluating the other party's motion for summary judgment of no invalidity.

*Id.* at 1332. The same reasoning applies here: the district court's denial of Zund's motion for summary judgment of

invalidity was not a sufficient reason to grant summary judgment of no invalidity to MGE.

MGE argues that Zund is nevertheless estopped from presenting new evidence of invalidity because Zund requested an inter partes reexamination of the '168 patent. *See* 35 U.S.C. § 315(c) (2006).[3] However, at the time Zund made the request, the statute limited inter partes reexamination requests to arguments based on prior art patents or printed publications, s*ee* 35 U.S.C. §§ 301, 311 (2011); 37 C.F.R. § 1.915(b)(2) (2011), and the resulting estoppel is similarly limited. Thus, MGE's statutory estoppel argument has limited relevance to Zund's assertion of invalidity in this case. We leave it to the district court on remand to determine the preclusive effect, if any, of section 315(c) on Zund's invalidity arguments.

Finally, MGE suggests that a remand is inappropriate because, as a matter of law, Zund's new evidence of inva-

---

[3]     Section 315(c) provided that in a civil suit, third-party requestors would be

> estopped from asserting . . . the invalidity of any claim finally determined to be valid and patentable *on any ground which the third-party requester raised or could have raised during the inter partes reexamination proceedings*. This subsection does not prevent the assertion of invalidity based on newly discovered prior art unavailable to the third-party requester and the Patent and Trademark Office at the time of the inter partes reexamination proceedings.

35 U.S.C. § 315(c) (2006) (emphasis added). Section 315 was superseded by the statute that created inter partes review. *See* Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 6(a), 125 Stat. 284, 299–304 (2011), *codified at* 35 U.S.C. §§ 311–319.

lidity is insufficient to raise a genuine issue of material fact. This issue has not been addressed by the district court, and we decline to address it for the first time on appeal. In any event, Zund is entitled to appropriate discovery on the invalidity issue in light of the district court's new claim construction, and in light of the fact that the district court's summary judgment order could not resolve the issue without further proceedings.

Because Zund did not have adequate notice or opportunity to oppose the district court's grant of summary judgment of no invalidity to MGE, we hold that summary judgment on this issue was procedurally improper. Fed. R. Civ. P. 56; *see also Fin. Control Sys.*, 265 F.3d at 1321. We therefore vacate the district court's entry of judgment on Zund's invalidity defenses, and remand for further proceedings with respect to the issue of invalidity (i.e., on-sale bar, anticipation, obviousness, and indefiniteness). *See Vita-Mix*, 581 F.3d at 1331–32.

## CONCLUSION

In summary, we affirm the district court's claim construction and grant of summary judgment of infringement to MGE. We vacate the district court's grant of summary judgment of no invalidity and the grant of injunctive relief, and remand for further proceedings consistent with this opinion.

**AFFIRMED-IN-PART, VACATED-IN-PART,**

**AND REMANDED**

## COSTS

Costs to neither party.