NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES DAVILA,<br><br>                 Plaintiff-Appellant,<br><br>v.<br><br>DAVID G. SMITH, M.D.,<br><br>                 Defendant-Appellee. | No. 16-16525<br><br>D.C. No. 15-cv-00094-LJO-EPG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted March 8, 2017[**]

Before:   LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

California state prisoner Charles Davila appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 and Americans with Disabilities

Act ("ADA") action alleging deliberate indifference to his serious medical needs

and disability discrimination.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm in part, vacate in part, and remand.

The district court properly dismissed Davila's deliberate indifference claim because Davila failed to allege facts sufficient to show that Smith was deliberately indifferent to his medical issues. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (deliberate indifference is a high legal standard; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly dismissed Davila's disability discrimination claim because Davila failed to allege facts sufficient to show that Smith discriminated against him because of a disability. *See Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Davila's state law claims after dismissing the federal claims. *See* 28 U.S.C. § 1367(c)(3); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (standard of review). However, the state law claims

16-16525

should have been dismissed without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (dismissal based on declining supplemental jurisdiction should be without prejudice). Accordingly, we vacate the judgment to the extent it dismisses Davila's state law claims with prejudice and remand for the sole purpose of dismissing the state law claims without prejudice.

**AFFIRMED in part, VACATED in part, and REMANDED.**