NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CAP EXPORT, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,**
*Plaintiff-Appellee*

**ABRAHAM AMOUYAL, AN INDIVIDUAL, 4MODA CORP., A CALIFORNIA CORPORATION,**
*Third Party Defendants*

**v.**

**ZINUS, INC., A CALIFORNIA CORPORATION,**
*Defendant-Appellant*

**DOES, 1 THROUGH 10, INCLUSIVE,**
*Defendant*

---

2017-1540

---

Appeal from the United States District Court for the Central District of California in No. 2:16-cv-00371-SVW-MRW, Judge Stephen V. Wilson.

---

Decided: January 18, 2018

---

DAVID BEITCHMAN, Beitchman & Zekian, PC, Encino, CA, argued for plaintiff-appellee.

DARIEN KENNETH WALLACE, Imperium Patent Works LLP, Pleasanton, CA, argued for defendant-appellant. Also represented by AMIR VICENTE ADIBI, T. LESTER WALLACE.

————————————

Before MOORE, BRYSON, and HUGHES, *Circuit Judges.*

BRYSON, *Circuit Judge.*

Defendant Zinus, Inc., appeals from a summary judgment entered in favor of plaintiff Cap Export, LLC, and third-party defendants Abraham Amouyal and 4Moda Corp. (collectively, "Cap Export") by the United States District Court for the Central District of California. The district court ordered Zinus, the owner of U.S. Patent No. 8,931,123 ("the '123 patent"), to file a motion for summary judgment of validity of that patent. Following briefing, the court held two of the asserted claims of Zinus's patent invalid for obviousness. The court then dismissed all of Zinus's counterclaims with prejudice. We vacate the district court's summary judgment and remand for further proceedings.

I

The '123 patent is directed to a bed frame that can be assembled from components that all fit within a compartment fashioned from the bed's headboard. For convenience and in order to lower shipping costs, all of the pieces of the frame, including the longitudinal support bar, the footboard, and the frame's legs, can be packed into the headboard compartment and shipped in a single box.

In January 2016, Cap Export, LLC, filed a declaratory judgment action against Zinus, alleging that the '123 patent was invalid and not infringed. Zinus counterclaimed for patent infringement and unfair business

practices under California state law, and added Amouyal and 4Moda Corp. as third-party defendants.

At a status conference held on May 2, 2016, the district court ordered Zinus to file a motion for summary judgment of validity as to the '123 patent and stayed discovery on all other issues. In its opening brief, Zinus addressed the prior art references that Cap Export's counsel had raised in an April 2016 letter to Zinus's counsel, which included a "bed in a box" product described on the website GoodsHomeDesign.com. In its opposition brief, Cap Export raised new prior art references but did not discuss the "bed in a box" reference. Cap Export also argued that the '123 patent was not properly assigned to Zinus, and that Zinus therefore lacked standing to sue on the patent. Zinus filed a reply on those issues, which included new evidence and a new declaration from Zinus's president.

At a status conference on August 29, 2016, the district court granted Cap Export leave to depose Zinus's president and to file a sur-reply to address ownership and Zinus's evidence about prior art. The district court stated that all discovery would be stayed except as it related to standing. Cap Export filed its sur-reply on November 11, 2016. In that filing, Cap Export raised new prior art references and included a declaration from a new expert, Leonard Backer. Zinus moved to strike Backer's declaration and the new prior art references cited in Cap Export's sur-reply. The district court instead granted Zinus leave to respond to the new prior art in a sur-sur-reply, and gave Zinus a week to do so. Zinus filed its sur-sur-reply on November 28, 2016.

The following day, the district court granted summary judgment in Cap Export's favor. The district court first concluded that the assignment to Zinus was proper, despite a scrivener's error in the assignment documents. The court therefore held that Zinus had standing to assert

infringement of the '123 patent. The district court then held that claim 1 of the patent would have been obvious in light of three prior art references—the Tiffany bed, the Aspelund bed, and the "bed in a box." The court also held that claim 3 would have been obvious in light of those three references combined with the Ledge Headboard Twin reference. Because neither party presented arguments regarding secondary considerations of nonobviousness, the district court stated that it would not consider them. The district court entered judgment holding claims 1 and 3 of the '123 patent invalid and dismissing all of Zinus's counterclaims and third-party claims with prejudice.

## II

On appeal, Zinus raises a number of objections to the district court's summary judgment ruling. Three of Zinus's arguments are persuasive.

First, the district court improperly granted summary judgment for Cap Export *sua sponte*, without proper notice to Zinus. "It is well established that a district court has 'the power to enter summary judgment[] *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.'" *Mikkelsen Graphic Eng'g, Inc. v. Zund Am., Inc.*, 541 F. App'x 964, 972 (Fed. Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)); *see also Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014) ("Even when there has been no cross-motion for summary judgment, a district court may enter summary judgment *sua sponte* against a moving party if the losing party has had a full and fair opportunity to ventilate the issues involved in the matter."). Rule 56(f) of the Federal Rules of Civil Procedure provides that district courts may grant summary judgment for a non-movant only after "giving notice and a reasonable time to respond." *See Mikkelsen*, 541 F. App'x at 972–73. When a district court's grant of summary judgment *sua sponte* is

procedurally improper, we must vacate the entry of judgment and remand for further proceedings. *See, e.g.*, *Fin Control Systems Pty, Ltd. v. OAM, Inc.*, 265 F.3d 1311, 1321 (Fed. Cir. 2001).

When it ordered Zinus to make a motion for summary judgment of validity, the district court provided no notice that the court was contemplating entering summary judgment of invalidity. Normally, if a patent holder were to lose a motion for summary judgment of validity, the result would be a trial, not a judgment of invalidity. In fact, because a patent carries a presumption of validity and a challenger must prove invalidity by clear and convincing evidence, a patentee need not present any factual evidence to prevail on a motion for summary judgment of validity. *Massey v. Del Labs., Inc.*, 118 F.3d 1568, 1573 (Fed. Cir. 1997). The district court gave no notice that it might grant summary judgment against Zinus.

Furthermore, Zinus lacked a "full and fair opportunity to ventilate the issues." *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003). Because of the unusual sequence of briefs and evidence, Zinus did not have an opportunity to depose Cap Export's expert, whose declaration was first presented as part of Cap Export's sur-reply filed on November 11, 2016. Nevertheless, the district court relied on the expert's testimony and found it "credible." Zinus was also denied an opportunity to present evidence of objective indicia of nonobviousness, which could have supported its position that the claims of the '123 patent were not obvious. *See, e.g.*, *Cheese Sys., Inc. v. Tetra Pak Cheese & Powder Sys., Inc.*, 725 F.3d 1341, 1353 (Fed. Cir. 2013). Although Zinus stated in its reply brief in support of its motion for summary judgment of validity that it was not "*at this time* asking the Court to consider any objective evidence of nonobviousness," Zinus was entitled to present evidence of nonobviousness,

including objective evidence of nonobviousness, in defending against a motion for summary judgment of invalidity.

Under these circumstances, Zinus lacked both notice that the district court would enter summary judgment of invalidity *sua sponte* and an opportunity to present evidence and argument as to why summary judgment should not be entered against it. Accordingly, the district court's entry of summary judgment in Cap Export's favor was procedurally improper.[1]

Second, the district court improperly dismissed Zinus's assertion of claim 2 of the '123 patent and Zinus's state law claims with prejudice. Although Zinus omitted claim 2 of the '123 patent from its motion for summary judgment of validity, the most that can be inferred from that omission is that Zinus concluded that there were triable issues of fact with respect to the validity of claim 2 that would warrant factual development at trial. As neither party raised arguments regarding the validity of claim 2, the district court erred in dismissing that claim with prejudice. In addition, although a district court may decline to exercise supplemental jurisdiction over state law claims after dismissing federal claims pursuant to 28 U.S.C. § 1367(c)(3), any such dismissal must be without

---

[1] Cap Export argues that Zinus conceded in the parties' Joint Rule 26(f) Report that "the issue of the validity of [Zinus's] patent would be dispositive of its claims," and therefore should have been on notice of the possibility of judgment of invalidity against it. That argument mischaracterizes the record: Zinus agreed that "resolution of . . . the issue of infringement would lead to the overall disposition of the case." That statement in the parties' Rule 26(f) Report does not suggest that Zinus had notice that the district court was considering granting summary judgment *sua sponte* against it.

prejudice. *Davila v. Smith*, 684 F. App'x 637, 638 (9th Cir. 2017) (citing *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994)). Accordingly, the district court erred in dismissing claim 2 of the '123 patent and Zinus's state law claims with prejudice.

Third, the district court improperly relied on the "bed in a box" prior art reference despite a factual dispute regarding whether the reference predated the '123 patent. Cap Export alluded to the "Amazing Bed in a Box" website only in its April 2016 letter to Zinus's counsel; it did not assert the website as prior art in any of its briefs to the district court in connection with Zinus's motion for summary judgment of validity. In its opening brief on that motion, Zinus argued that the website does not predate the priority date of the '123 patent, which is September 25, 2013, because the website appears to have been posted in November 2014.[2] It appears that Cap Export may have abandoned the reference altogether, as Cap Export did not address that reference in its opposition brief before the district court. *See Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (holding that a party abandons claims by not defending them in opposition to a motion for summary judgment); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward

---

[2]  The GoodsHomeDesign.com webpage cites as its source a webpage published on December 25, 2013, which is a strong indication that the "Amazing Bed in a Box" post was published after the effective filing date of the '123 patent. *See* "Amazing Bed in a Box," http://www.goodshomedesign.com/amazing-bed-in-a-box/2/ (linking to "098 California King Size Folding Bed," http://3dwoodworkingplans.com/bed-in-a-box-098/ (published Dec. 25, 2013)).

in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").

Nevertheless, the district court relied on that reference in concluding that claims 1 and 3 would have been obvious. The court explained that "someone with ordinary skill in the art would view the Tiffany Bed (with a headboard compartment), the Aspelund bed (with legs attached to the footboard), and the Bed in a Box (where all pieces of the bed fit in one compartment), and combine these references . . . ." At best, the disputed fact regarding the publication date of the "bed in a box" reference precludes reliance on that reference for purposes of summary judgment. *See Tennison v. City & Cty. of San Francisco*, 570 F.3d 1078, 1087 (9th Cir. 2009); *Lamle v. Mattel, Inc.*, 65 F. App'x 293, 295 (Fed. Cir. 2003).

## III

We vacate the district court's grant of summary judgment of invalidity as to claims 1 and 3 of the '123 patent and the dismissal with prejudice of Zinus's counterclaims. We remand for further proceedings consistent with this opinion.

Costs to Zinus.

**VACATED AND REMANDED.**