**NOT FOR PUBLICATION**

JAN 02 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN CHRISTOPHER ANDERSEN, | No. 12-17169 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00067-ECR-VPC |
| v. | |
| JOHN W. HELZER, Asst. D.A.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

John Christopher Andersen appeals pro se from the district court judgment

in his 42 U.S.C. § 1983 action alleging that defendants violated his Fourth

Amendment and due process rights.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal for failure to state a claim, *Hebbe v. Pliler*, 627

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 338, 341 (9th Cir. 2010), and summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

The district court properly dismissed Andersen's due process claim against defendants LeBlanc and Emerson because Andersen failed to allege facts in his amended complaint showing that defendants violated any federally protected right by allegedly failing to investigate the theft of his property.  *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994) ("The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty of property."); *see also Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) (§ 1983 does not provide a cause of action for violations of state law).

The district court properly granted summary judgment on Andersen's Fourth Amendment claim against defendant Helzer because Andersen failed to raise a genuine dispute of material fact as to whether Helzer put a wiretap on Anderson's phone.  *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

The district court did not abuse its discretion by dismissing Andersen's claim against defendant Vance because Andersen failed to have the summons and

complaint served on Vance within 120 days after his complaint was filed and failed to show good cause for not doing so. *See* Fed. R. Civ. P. 4(m) (requiring service within 120 days after the complaint is filed); *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512-13 (9th Cir. 2001) (setting forth standard of review and discussing good cause).

The district court did not abuse its discretion by denying Andersen's discovery motions. *See Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing the district court's broad discretion to deny discovery).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**