**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| SAMUEL ROSEN, | No. 13-56409 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00864-DMS-NLS |
| v. | |
| PROPERTY ADVANTAGE PARTNERS; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted November 18, 2015**

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Samuel Rosen appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging various claims against the property

management company of a private, residential mobile home park.  We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, vacate in part, and remand.

The district court properly dismissed Rosen's § 1983 claim because Rosen failed to allege facts sufficient to show that any defendant acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").

However, we vacate the judgment in part and remand with instructions to dismiss Rosen's state law claims without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." (citation and internal quotation marks omitted; alteration in original)); *see also* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over state law claims upon the dismissal of all federal claims).

**AFFIRMED in part, VACATED in part, and REMANDED.**

13-56409