NOT FOR PUBLICATION

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

SEAN MICHAEL PARK, pro se;
MICHELLE PARK,

        Plaintiffs-Appellants,

  v.

LEHMAN BROTHERS BANK, FSB;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
AURORA LOAN SERVICES,

        Defendants-Appellees.

No.   11-55473

D.C. No.
3:10-cv-02692-IEG-WVG

MEMORANDUM*

---

SEAN MICHAEL PARK, pro se;
MICHELLE PARK,

        Plaintiffs-Appellants,

  v.

QUALITY LOAN SERVICE
CORPORATION,

        Defendant-Appellee.

No.   12-56450

D.C. No.
3:10-cv-02692-IEG-RBB

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, District Judge, Presiding

Argued and Submitted June 5, 2015
Pasadena, California

Before:      **KOZINSKI** and **CALLAHAN**, Circuit Judges, and **KORMAN**,[**] District Judge.

**1.** Res judicata "bars . . . any claims that were raised or could have been raised in the prior action." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (citation and internal quotation marks omitted). Therefore, the Parks' claim under the Fair Debt Collection Practices Act (FDCPA) survives res judicata only to the extent it is based on allegations relating to the October 2010 notice of sale, which couldn't have been raised in the Parks' August 2010 complaint.

**2.** Mortgage Electronic Registration Systems, Inc. (MERS), the nominal beneficiary of the mortgage, is not in a "business the principal purpose of which is the collection of any debts," nor is it an entity that "regularly collects or attempts to collect" debts "due [to] another." 15 U.S.C. § 1692a(6). Therefore, MERS isn't a "debt collector" under the FDCPA.

---

[**]      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

**3.** According to the Parks' complaint, Aurora Loan Services LLC (Aurora) had been servicing the mortgage since its origination. Because the FDCPA exempts from its definition of "debt collector" any person "collecting . . . a debt which was not in default at the time it was obtained," 15 U.S.C. § 1692a(6)(F)(iii), Aurora cannot be held liable under the FDCPA.

**4.** A trustee of a California deed of trust is generally not a "debt collector" under the FDCPA. See Ho v. ReconTrust Co., NA, 858 F.3d 568, 572–73 (9th Cir. 2016). Quality Loan Service Corporation (Quality) may be a debt collector for the limited purpose of section 1692f(6), but the Parks didn't allege that Quality violated this section. See id. Thus, the district court properly dismissed the FDCPA claim against Quality.

**5.** Although a creditor may constitute a "debt collector," 15 U.S.C. § 1692a(6), Lehman Brothers Banks, FSB cannot be held liable under the FDCPA because there is no allegation of debt collection, see id. § 1692e. The Parks allege that defendants misrepresented the amount they owed in the October 2010 notice of sale. But "actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA." Ho, 858 F.3d at 572.

**6.** Although the Parks' complaint makes passing references to the Real Estate Settlement Procedure Act (RESPA), the Truth in Lending Act (TILA), the Home Ownership and Equity Protection Act (HOEPA), it asserts only one cause of action arising under federal law: a violation of the FDCPA. Even under a liberal construction of the pro-se complaint, the complaint didn't "give fair notice and state the elements of the [RESPA, TILA and HOEPA] claim[s] plainly and succinctly." Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotation marks and alterations omitted); see Fed. R. Civ. P. 8(a).

**7.** Nor did the Parks' complaint give "fair notice" of their claims under the U.S. Constitution. Jones, 733 F.2d at 649. Even if it had, the Parks' constitutional claims would have failed because a non-judicial foreclosure conducted pursuant to a deed of trust is not state action and therefore cannot give rise to due process claims under the Fifth and Fourteenth Amendments. See Apao v. Bank of N.Y., 324 F.3d 1091, 1095 (9th Cir. 2003).

**8.** Because the district court dismissed the Parks' FDCPA claim, the only claim over which the court had original jurisdiction, it properly declined to exercise supplemental jurisdiction over the Parks' state claims. See Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994).

**AFFIRMED.**