**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN PATRICK McCLURE,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>LEWIS CITRENBAUM, named as Yavapai County Attorney; ERIC JOSEPH CREMONA; UNKNOWN PARTY, named as Eric Cremona's Roommate; UNKNOWN HOHRIEN, named as Detective P.V P.D; UNKNOWN GRANT; ELIZABETH HILL, named as Dr.; ST. JOSEPH HOSPITAL, I.C.U,<br><br>    Defendants - Appellees. | No. 24-1141<br><br>D.C. No. 3:23-cv-08133-JAT-ASB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted March 17, 2025[**]

Before:    CANBY, R. NELSON, and FORREST, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

John Patrick McClure appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging claims related to his stabbing and subsequent medical treatment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed McClure's claims against defendants Hill and St. Joseph Hospital, I.C.U. because McClure failed to allege facts sufficient to show that these defendants acted under color of state law. *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (elements of § 1983 action); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (explaining state action requirement and that private parties are generally not state actors). To the extent McClure alleged a state law medical malpractice claim against these defendants, dismissal of the claim was proper because McClure failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed McClure's claims against defendants Hohrien and Grant because McClure failed to allege facts sufficient to show that these defendants violated any federally protected right by allegedly failing to

2                                                                    24-1141

investigate the underlying incident or pursue criminal charges. *See Gini v. Las Vegas Metropolitan Police Department*, 40 F.3d 1041, 1045 (9th Cir. 1994) ("The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty [or] property.").

We reject as unsupported by the record McClure's contention that the district court dismissed his case because he had previously filed a complaint against the district judge.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including whether the district court erred in deciding McClure's motions, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (issues not supported by argument in pro se appellant's opening brief are deemed abandoned).

McClure's motion for appointment of counsel (Docket Entry No. 6) and motion for certified mail (Docket Entry No. 7) are denied.

**AFFIRMED.**

24-1141